# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>vs.<br><br>Amador Perdomo-Salazar,<br><br>             Defendant. | CR 09-00938-TUC-JGZ(JR)<br><br>**REPORT AND RECOMMENDATION** |

    This matter was referred to Magistrate Judge Rateau for pretrial matters. On January 29, 2015, a Superseding Petition to Revoke Supervised Release was filed against the Defendant.[1]  The petition alleges that the Defendant violated his terms of supervised release by committing another crime during the term of his supervision.

    A hearing was held on April 21, 2015.  The Defendant was present and represented by counsel.  No testimony was taken.  Without objection by the defense, one government exhibit was admitted into evidence, a memorandum prepared by

---

[1] Allegations B and C were dismissed by the Government at the hearing.

1

Assistant United States Probation Officer Castillo detailing the procedural history of the case.

## Findings of Fact

On October 19, 2009, the Defendant was convicted of Re-entry of a Removed Alien and was sentenced to a term of 22 months incarceration to be followed by 3 years of supervised release. On January 7, 2011, the Defendant was released to Immigration and Customs Enforcement (ICE). His term of supervised release commenced on that day.

Based on an ICE arrest on March 30, 2011, the Defendant's supervised release was revoked on April 26, 2011. He was sentenced to 18 months in prison and 18 months of supervised release. He was released to ICE on July 20, 2012. His supervised release term began to run on that day. The term of supervision was set to expire on January 19, 2014.

On October 13, 2012, the Defendant was again arrested by ICE. Based on that arrest, a second petition to revoke supervised release was filed and an arrest warrant was issued for his arrest on October 16, 2012. The Defendant was expeditiously deported on October 16, 2012. The arrest warrant remained outstanding.

Approximately two years later, on October 14, 2014, the Defendant was arrested and charged with a new drug offense as well as another charge of illegal reentry after removal. (CR 14-1856-JGZ-JR). The Defendant pled guilty to the drug offense and is scheduled for sentencing on May 11, 2015 at 10:20 a.m.

…….

Conclusions of Law

Title 18 U.S.C. § 3583(i), entitled "delayed revocation," states:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Here, the second arrest warrant based on the Defendant's new violation conduct was issued on October 16, 2012, before his second term of supervised release would have expired on January 19, 2014. He was therefore still serving a term of supervised release when he committed the new drug offense.

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir. 2000); *see also* 18 U.S.C. § 3583(e)(3).

Having considered the procedural history of the case as well as the applicable law, the Magistrate Judge finds by a preponderance of the evidence that the Defendant violated his conditions of supervised release.

Recommendation

Based on the foregoing and pursuant to 28 U.S.C. § 636 (b) and Local Rule 1.7(d)(2), Rules of Practice of the United States District Court, District of Arizona, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent

1  review of the record, find that the Defendant violated Allegation A: Standard
2  Condition No. 1 of his terms of supervised release by committing another federal
3  crime during the term of his supervised release.  The Court further recommends that
4  the District Court schedule a disposition hearing on the same date as the sentencing
5  date for CR 14-1856-JGZ-JR, **May 11, 2015, at 10:20 a.m.**

6  Pursuant to 28 U.S.C. § 636(b), any party may serve and file written
7  objections with the District Court within fourteen (14) days of being served with a
8  copy of this Report and Recommendation.  If the objections are not timely filed they
9  may be deemed waived.  If any objections are filed, this action should be designated
10 with the following case number CR 09-00938 TUC-JGZ.

11 Dated this 22nd day of April, 2015.

_____
Jacqueline M. Rateau
United States Magistrate Judge